# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## LYNN GARRY FRYER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lake County**
**No. 12CR9718    R. Lee Moore, Jr., Judge**

---

**No. W2012-01342-CCA-R3-HC  - Filed November 1, 2012**

---

The Petitioner, Lynn Garry Fryer, appeals the Lake County Circuit Court's denial of his pro se petition for writ of habeas corpus.  The State has filed a motion requesting that this Court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

ROGER A. PAGE,  J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Lynn Garry Fryer, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

On May 18, 2004, the Petitioner entered a best-interest plea to aggravated assault.  He was sentenced as a standard, Range I offender to five years, with 120 days to be served in confinement and the remainder on probation. On April 7, 2009, a probation violation warrant was filed against the Petitioner.  An amended warrant was issued on May 11, 2009.  Following a hearing on May 9, 2009, the trial court revoked the Petitioner's probation but reinstated the probation and extended it for two years. On April 19, 2010, a second probation violation warrant was issued against the Petitioner.  Following a hearing on May 10, 2010, the trial court revoked the Petitioner's probation and ordered him to serve his sentence in

confinement. This court affirmed the trial court's judgment on appeal. See State v. Lynn Garry Fryer, No. W2010-01686-CCA-R3-CD, 2012 Tenn. Crim. App. LEXIS 70 (Tenn. Crim. App., at Jackson, Feb. 3, 2012).

On May 21, 2012, the Petitioner filed a petition for writ of habeas corpus in which he maintained that his sentence had expired. According to the Petitioner, he received pretrial jail credit for time served pursuant to the plea agreement, and the pretrial jail credits totaled the 120 days that he was ordered to serve in confinement. The Petitioner asserted that as a result, his sentenced expired on January 17, 2009, before the initial probation violation warrant was issued in April 2009. Thus, he contends that the trial court lacked jurisdiction in May 2009 to revoke his probation, reinstate, and extend his probation for two years. On June 12, 2012, the trial court entered an order denying the petition for writ of habeas corpus. The Petitioner filed a timely notice of appeal.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citations omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The Petitioner contends that based upon the pretrial jail credits he received, his sentence expired in January 2009 before the initial probation violation warrant was issued in April 2009. The judgment entered on May 18, 2004, reflects that the Petitioner was sentenced to five years, which included 120 days of confinement followed by four years and eight months of probation. While the judgment reflects that the Petitioner received credit for time served, the judgment does not list the number of days or specific dates of pretrial jail credit that he received. Thus, the face of the judgment does not support the Petitioner's claim that his sentence expired before the initial probation violation warrant was issued in April 2009.

The Petitioner contends that on September 8, 2010, the judgment was amended to reflect 144 days of pretrial jail credit. The Petitioner, however, failed to attach this amended judgment to his petition for writ of habeas corpus. See T.C.A. § 29-21-107(b). He also failed to attach the trial court's May 2009 order revoking his probation and reinstating and extending his probation for two years. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Hickman, 153 S.W.3d at 19-20; Archer, 851 S.W.2d at 165. "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements." Hickman, 153 S.W.3d at 21.

The face of the May 2004 judgment does not reflect that the Petitioner's sentence expired prior to the issuance fo the initial probation revocation warrant in January 2009. Moreover, the Petitioner failed to attach the amended judgment and the May 2009 order revoking his probation to his petition for writ of habeas corpus. Accordingly, the Petitioner is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court

of Criminal Appeals.

_____
ROGER A. PAGE, JUDGE